FILED DATE: 4/29/2019 2:19 PM   2019L004591

FILED
4/29/2019 2:19 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

2019L004591

STATE OF ILLINOIS        )
                          )SS.
COUNTY OF COOK        )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

ALJALON HAYES,               )
                               )
            Plaintiff,       )
                               )
v.                             )     Case No.
                               )
CENTRAL TRANSPORT INTERNATIONAL, )
INC., dba CENTRAL TRANSPORT;     )
CENTRAL TRANSPORT, LLC.; and      )
SPENCER LITTEN,              )
                               )
            Defendants.     )

### COMPLAINT AT LAW

NOW COMES the Plaintiff, ALJALON HAYES, by and through his attorneys, THE

KRYDER LAW GROUP, LLC, and complains of the Defendants, CENTRAL TRANSPORT

INTERNATIONAL, INC., dba CENTRAL TRANSPORT; CENTRAL TRANSPORT, LLC.;

and SPENCER LITTEN, and further states as follows:

### GENERAL ALLEGATIONS

1.      On or about September 19, 2017, the Plaintiff, ALJALON HAYES, was the driver of a

motor vehicle traveling northbound on I-294 in Bremen Township, County of Cook, State of

Illinois.

1



FILED DATE: 4/29/2019 2:19 PM   2019L004591

2.      On or about September 19, 2017, the Defendant, SPENCER LITTEN, was the driver of a motor vehicle traveling northbound on I-294 in Bremen Township, County of Cook, State of Illinois.

3.      On or about September 19, 2017, the Defendant, CENTRAL TRANSPORT INTERNATIONAL, INC., dba CENTRAL TRANSPORT, was the owner of the motor vehicle traveling northbound on I-294 in Bremen Township, County of Cook, State of Illinois.

4.      On or about September 19, 2017, the Defendant, CENTRAL TRANSPORT, LLC., was the owner of the motor vehicle traveling northbound on I-294 in Bremen Township, County of Cook, State of Illinois.

5.      At all times material to this action, Defendant, SPENCER LITTEN, was an employee and/or agent acting within the course and scope of his employment and/or agency with Defendant CENTRAL TRANSPORT INTERNATIONAL, INC., dba CENTRAL TRANSPORT.

6.      At all times material to this action, Defendant, SPENCER LITTEN, was an employee and/or agent acting within the course and scope of his employment and/or agency with Defendant CENTRAL TRANSPORT, LLC.

7.      At all times relevant to this matter, the Defendant, SPENCER LITTEN, was under a duty to control, operate, and maintain the motor vehicle in a safe and reasonable manner consistent with the traffic laws of the state of Illinois.

8.      At all times relevant to this matter, the Defendant, CENTRAL TRANSPORT INTERNATIONAL, INC., dba CENTRAL TRANSPORT, through its agent(s) and employee(s), was under a duty to control, operate, and maintain the motor vehicle in a safe and reasonable manner consistent with the traffic laws of the state of Illinois.

2

FILED DATE: 4/29/2019 2:19 PM   2019L004591

9.     At all times relevant to this matter, the Defendant, CENTRAL TRANSPORT, LLC.,

through its agent(s) and employee(s), was under a duty to control, operate, and maintain the

motor vehicle in a safe and reasonable manner consistent with the traffic laws of the state of

Illinois.

10.     At all times relevant to this matter, the Defendant, SPENCER LITTEN, failed to observe

traffic conditions, reduce her speed, and act as a reasonable person causing a collision with the

Plaintiff's vehicle.

11.     The Defendants, CENTRAL TRANSPORT INTERNATIONAL, INC., dba CENTRAL

TRANSPORT; CENTRAL TRANSPORT, LLC.; and SPENCER LITTEN, then and there,

breached their duty of care owed to the Plaintiff, ALJALON HAYES.

12.     At all times material to this matter, the Plaintiff, ALJALON HAYES, was free from any

and all negligence related with this matter.

<u>**COUNT I**</u>
<u>**ALJALON HAYES vs. CENTRAL TRANSPORT INTERNATIONAL, INC., dba**</u>
<u>**CENTRAL TRANSPORT**</u>

13.     The Plaintiff re-alleges and incorporates paragraphs 1-12 of this complaint.

14.     At the time and place aforesaid, the Defendant, CENTRAL TRANSPORT

INTERNATIONAL, INC., dba CENTRAL TRANSPORT, through its agent(s) and employee(s),

breached the aforementioned duty owed to the Plaintiff, ALJALON HAYES, through one or

more of the following acts and/or omissions:

        a.     Carelessly and negligently operated, managed, and controlled
            said motor vehicle;

        b.     Carelessly and negligently operated her vehicle at a rate of speed greater
            than what was safe and reasonable pursuant to 625 ILCS 5/12 601;

        c.     Carelessly and negligently failed to give proper warning of the

3

FILED DATE: 4/29/2019 2:19 PM    2019L004591

approach of said vehicle although such warnings were necessary to ensure the safe operation of her vehicle pursuant to 625 ILCS 5/12 601 (a);

d.    Carelessly and negligently failed to reduce her speed to avoid a collision pursuant to 625 ILCS 5/11 601 (a);

e.    Carelessly and negligently failed to equip her vehicle with functioning brakes although such a device was necessary to ensure the safe operation of said vehicle pursuant to 625 ILCS 5/12-301; and

f.    Was otherwise careless, reckless, and negligent.

15.    As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions by the Defendant, CENTRAL TRANSPORT INTERNATIONAL, INC., dba CENTRAL TRANSPORT, the Plaintiff, ALJALON HAYES, then and there sustained severe and permanent bodily injury and was, and will be, hindered and prevented from attending to her usual duties and affairs of life, and has lost, and will continue to lose, the value of that time as aforementioned. Further, the Plaintiff, ALJALON HAYES, suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. The Plaintiff, ALJALON HAYES, further expended and became liable for large sums of money for medical care and services and will in the future expend money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, ALJALON HAYES, demand judgment against the Defendant, CENTRAL TRANSPORT INTERNATIONAL, INC., dba CENTRAL TRANSPORT, in a sum greater than $50,000 (Fifty Thousand Dollars) plus costs of this case and any additional relief this Court deems fair and just.

4

FILED DATE: 4/29/2019 2:19 PM   2019L004591

## COUNT II – ALJALON HAYES vs. SPENCER LITTEN

16.     The Plaintiff re-alleges and incorporates paragraphs 1-12 of this complaint.

17.     At the time and place aforesaid, the Defendant, SPENCER LITTEN, breached the

aforementioned duty owed to the Plaintiff, ALJALON HAYES, through one or more of the

following acts and/or omissions:

      a.     Carelessly and negligently operated, managed, and controlled
         said motor vehicle;

      b.     Carelessly and negligently operated her vehicle at a rate of speed greater
         than what was safe and reasonable pursuant to 625 ILCS 5/12 601;

      c.     Carelessly and negligently failed to give proper warning of the
         approach of said vehicle although such warnings were necessary
         to ensure the safe operation of her vehicle pursuant to 625 ILCS 5/12 601
         (a);

      d.     Carelessly and negligently failed to reduce her speed to avoid a collision
         pursuant to 625 ILCS 5/11 601 (a);

      e.     Carelessly and negligently failed to equip her vehicle with functioning
         brakes although such a device was necessary to ensure the safe operation
         of said vehicle pursuant to 625 ILCS 5/12-301; and

      f.     Was otherwise careless, reckless, and negligent.

18.     As a direct and proximate result of one or more of the aforesaid careless and negligent

acts and/or omissions by the Defendant, SPENCER LITTEN, the Plaintiff, ALJALON HAYES,

then and there sustained severe and permanent bodily injury and was, and will be, hindered and

prevented from attending to his usual duties and affairs of life, and has lost, and will continue to

lose, the value of that time as aforementioned. Further, the Plaintiff, ALJALON HAYES,

suffered great pain and anguish, both in mind and body, and will in the future continue to suffer.

The Plaintiff, ALJALON HAYES, further expended and became liable for large sums of money

FILED DATE: 4/29/2019 2:19 PM   2019L004591

for medical care and services and will in the future expend money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, ALJALON HAYES, demand judgment against the Defendant, SPENCER LITTEN, in a sum greater than $50,000 (Fifty Thousand Dollars) plus costs of this case and any additional relief this Court deems fair and just.

## COUNT III
## ALJALON HAYES vs. CENTRAL TRANSPORT, LLC.

19.    The Plaintiff re-alleges and incorporates paragraphs 1-12 of this complaint.

20.    At the time and place aforesaid, the Defendant, CENTRAL TRANSPORT, LLC., through its agent(s) and employee(s), breached the aforementioned duty owed to the Plaintiff, ALJALON HAYES, through one or more of the following acts and/or omissions:

       a.    Carelessly and negligently operated, managed, and controlled said motor vehicle;

       b.    Carelessly and negligently operated her vehicle at a rate of speed greater than what was safe and reasonable pursuant to 625 ILCS 5/12 601;

       c.    Carelessly and negligently failed to give proper warning of the approach of said vehicle although such warnings were necessary to ensure the safe operation of her vehicle pursuant to 625 ILCS 5/12 601 (a);

       d.    Carelessly and negligently failed to reduce her speed to avoid a collision pursuant to 625 ILCS 5/11 601 (a);

       e.    Carelessly and negligently failed to equip her vehicle with functioning brakes although such a device was necessary to ensure the safe operation of said vehicle pursuant to 625 ILCS 5/12-301; and

       f.    Was otherwise careless, reckless, and negligent.

FILED DATE: 4/29/2019 2:19 PM   2019L004591

21.     As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions by the Defendant, CENTRAL TRANSPORT, LLC., the Plaintiff, ALJALON HAYES, then and there sustained severe and permanent bodily injury and was, and will be, hindered and prevented from attending to her usual duties and affairs of life, and has lost, and will continue to lose, the value of that time as aforementioned. Further, the Plaintiff, ALJALON HAYES, suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. The Plaintiff, ALJALON HAYES, further expended and became liable for large sums of money for medical care and services and will in the future expend money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, ALJALON HAYES, demand judgment against the Defendant, CENTRAL TRANSPORT, LLC., in a sum greater than $50,000 (Fifty Thousand Dollars) plus costs of this case and any additional relief this Court deems fair and just.

Respectfully Submitted:

By: _____
        Plaintiff's Attorney

The Kryder Law Group, LLC
134 N. LaSalle St., Ste. 1515
Chicago, IL 60602
(312) 223-1700
Attorney No.: 38274

7



# THE
# KRYDER LAW
## GROUP, LLC

WWW.KRYDERLAW.COM

May 2, 2019

VIA REGISTERED MAIL

SPENCER LITTEN
1575 QUEEN AVE. NE APT 2
GRAND RAPIDS, MI 49505

Re: Case Name: ALJALON HAYES v. SPENCER LITTEN ET. AL
 Court No.: 2019-L-004591

Dear Mr. Litten:

Enclosed please find a copy of the complaint, summons and affidavit filed and served on the Illinois Secretary of State. This constitutes service of process in the above captioned matter. You should report this matter to your insurance company immediately, so you are protected under the provisions of your policy. If you fail to appear, an order of default may be entered against you. Please give this matter your immediate attention

Sincerely,

Andrew S. Kryder
ASK/JEC

Encl. Summons, Complaint & Affidavit



EXHIBIT
B

134 NORTH LASALLE STREET | SUITE 1515 | CHICAGO, ILLINOIS 60602
TELEPHONE 312-223-1700 | FAX 312-264-0870

FILED
4/29/2019 2:19 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

2019L004591

FILED DATE: 4/29/2019 2:19 PM  2019L004591

AMT $5.00

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | |

(08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ALJALON HAYES
_____
(Name all parties)

v.

SPENCER LITTEN
_____

Case No. _____

Please *Spencer Litten*
Serve* 1575 Queen Ave. NE Apt 2
Grand Rapids, MI 49505

☑ SUMMONS    ☐ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 3

Summons - Alias Summons                                    (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first
create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm
to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://
www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

4/29/2019 2:19 PM DOROTHY BROWN

Atty. No.: 38274                              Witness: _____

Atty Name: The Kryder Law Group, LLC.

Atty. for: Plaintiff                          DOROTHY BROWN, Clerk of Court

Address: 134 North LaSalle, Suite 1515

City: Chicago                                 Date of Service: _____
                                              (To be inserted by officer on copy left with
State: IL   Zip: 60602                        Defendant or other person):

Telephone: (312) 223-1700

Primary Email: Info@Kryderlaw.com

FILED DATE: 4/29/2019 2:19 PM  2019L004591

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 2 of 3

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

FILED DATE: 4/29/2019 2:19 PM   2019L004591

- ◉ Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- ○ District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- ○ District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- ○ District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- ○ District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- ○ District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- ○ Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- ○ Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- ○ Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

### Daley Center Divisions/Departments

- ○ Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm



# OFFICE OF THE SECRETARY OF STATE

JESSE WHITE • Secretary of State

May 02, 2019

The Kryder Law Group, LLC
134 N. LaSalle St., Ste. 1515
Chicago, IL 60602

Dear Sir or Madam:

Copies of Summons(es), Complaint(s) at Law, and Affidavit(s) of Compliance
with proper fee(s) have been received on the following:

**Aljalon Hayes v. Spencer Litten,  #19 L 4591,  Fee $5.00**

Filing and Service have been accepted on 5/2/2019 in compliance with the
provisions of 625 ILCS 5/10-301 or provisions of 735 ILCS 5/2-203.1 as
applicable.

Sincerely,

*Jesse White*

Jesse White
Secretary of State

**ALL INQUIRIES CALL:**
(217)785-3096
Office of the General Counsel
298 Howlett Building
Springfield, IL 62756

JW:tf
Enclosure

100 W. Randolph St., Ste. 5-400
James R. Thompson Center
Chicago, IL 60601
(312) 814-2262

EX C 2

**12-Person Jury**

Appearance                                                                (12/30/15) CCL N530

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

FILED
5/24/2019 10:32 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L004591

ALJALON HAYES

_____
                          Plaintiff

v.

CENTRAL TRANSPORT INTERNATIONAL, INC., et al.
_____
                          Defendant

No.  2019-L-004591

5180439

Calendar:  B

## APPEARANCE

☑ GENERAL APPEARANCE      0900 - APPEARANCE - FEE PAID;  0909 - APPEARANCE - NO FEE;
0904 - APPEARANCE FILED - FEE WAIVED

☑ JURY DEMAND      1900 - APPEARANCE & JURY DEMAND - FEE PAID
1909 - APPEARANCE & JURY DEMAND - NO FEE

The undersigned enters the appearance of:      ☐ Plaintiff   ☑ Defendant

Spencer Litten
_____

_____

(Insert litigant's name.)

_____
                          Signature

☑ INITIAL COUNSEL OF RECORD        ☐ PRO SE
☐ ADDITIONAL APPEARANCE           ☐ SUBSTITUTE APPEARANCE

A copy of this appearance shall be given to all parties who have appeared and have not been found by the Court to be in default.

☑ Atty. No.:  16741          ☐ Pro Se  99500

(Please complete the following contact information.)

Name:  Justin Dobek - WILSON ELSER

Atty. for:  Defendant, Spencer Litten

Address:  55 W. Monroe Street, Suite 3800

City/State/Zip:  Chicago, IL  60603

Telephone:  312-704-0550

Primary Email:  kathleen.mcdonough@wilsonelser.com

Secondary Email:  justin.dobek@wilsonelser.com

Tertiary Email:  _____

**Pro Se Only:** ☐ I have read and agree to the terms of the Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

_____

EXHIBIT

C

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Page 1 of 1

FILED
8/8/2019 1:39 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L004591

6099817

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY DEPARTMENT, LAW DIVISION**

|  |  |  |
|---|---|---|
| ALJALON HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| CENTRAL TRANSPORT INTERNATIONAL, | ) | No. 2019 L 004591 |
| INC., dba CENTRAL TRANSPORT; CENTRAL | ) | |
| TRANSPORT, LLC; and SPENCER LITTEN, | ) | |
| | ) | |
| Defendants. | ) | |

FILED DATE: 8/8/2019 1:39 PM    2019L004591

<u>**DEFENDANT SPENCER LITTEN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**</u>

1.    On or about September 19, 2017, the Plaintiff, ALJALON HAYES, was the driver of a motor vehicle traveling northbound on I-294 in Bremen Township, County of Cook, State of Illinois.

**ANSWER: Defendant, SPENCER LITTEN, lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 1 of General Allegations of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.**

2.    On or about September 19, 2017, the Defendant, SPENCER LITTEN, was the driver of a motor vehicle traveling northbound on I-294, in Bremen Township, County of Cook, State of Illinois.

**ANSWER: Defendant, SPENCER LITTEN, admits the allegations contained in Paragraph 2 of General Allegations of Plaintiff's Complaint.**

3.    On or about September 19, 2017, the Defendant, CENTRAL TRANSPORT INTERNATIONAL, INC., dba CENTRAL TRANSPORT, was the owner of the motor vehicle traveling northbound on I-204 in Bremen Township, County of Cook, State of Illinois.

**ANSWER: Defendant, SPENCER LITTEN, lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 3 of General Allegations of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.**

4.    On or about September 19, 2017, the Defendant, CENTRAL TRANSPORT, LLC., was the owner of the motor vehicle traveling northbound on I-294 in Bremen Township, County of Cook, State of Illinois.

**ANSWER: Defendant, SPENCER LITTEN, lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 4 of General Allegations of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.**

2714091v.1


EXHIBIT

FILED DATE: 8/8/2019 1:39 PM 2019L004591

5. At all times material to this action, Defendant, SPENCER LITTEN, was an employee and/or agent acting within the course and scope of his employment and/or agency with Defendant, CENTRAL TRANSPORT INTERNATIONAL, INC., dba CENTRAL TRANSPORT.

**ANSWER: Defendant SPENCER LITTEN, lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 5 of General Allegations of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.**

6. At all times material to this action, Defendant, SPENCER LITTEN, was an employee and/or agent acting within the scope of his employment and/or agency with Defendant, CENTRAL TRANSPORT, LLC.

**ANSWER: Defendant, SPENCER LITTEN, lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 6 of General Allegations of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.**

7. At all times relevant to this matter, the Defendant, SPENCER LITTEN, was under a duty to control, operate, and maintain the motor vehicle in a safe and reasonable manner consistent with the traffic laws of the State of Illinois.

**ANSWER: Defendant, SPENCER LITTEN, does not answer the allegations contained in Paragraph 7 of General Allegations of Plaintiff's Complaint as they call for a legal conclusion. To the extent a response is deemed necessary, Defendant, SPENCER LITTEN, admits only to those duties that exist under Illinois law and denies the remaining allegations contained in Paragraph 7 of General Allegations of Plaintiff's Complaint and demands strict proof thereof.**

8. At all times relevant to this matter, the Defendant, CENTRAL TRANSPORT INTERNATIONAL, INC., dba CENTRAL TRANSPORT, through its agent(s) and employee(s), was under a duty to control, operate, and maintain the motor vehicle in a safe and reasonable manner consistent with the traffic laws of the State of Illinois.

**ANSWER: Defendant, SPENCER LITTEN, does not answer the allegations contained in Paragraph 8 of General Allegations of Plaintiff's Complaint as the allegations are not directed towards him. To the extent a response is deemed necessary, Defendant, SPENCER LITTEN, admits only to those duties that exist under Illinois law.**

9. At all times relevant to this matter, the Defendant, CENTRAL TRANSPORT, LLC., through its agent(s) and employee(s), was under a duty to control, operate, and maintain the motor vehicle in a safe and reasonable manner consistent with the traffic laws of the state of Illinois.

**ANSWER: Defendant, SPENCER LITTEN, does not answer the allegations contained in Paragraph 9 of General Allegations of Plaintiff's Complaint as the allegations are not directed towards him. To the extent a response is deemed necessary, Defendant, SPENCER LITTEN, admits only to those duties that exist under Illinois law.**

2714091v.1

FILED DATE: 8/8/2019 1:39 PM    2019L004591

10.     At all times relevant to this matter, the Defendant, SPENCER LITTEN, failed to observe traffic conditions, reduce his speed, and act as a reasonable person causing a collision with the Plaintiff's vehicle.

**ANSWER: Defendant, SPENCER LITTEN, denies the allegations contained in Paragraph 10 of General Allegations of Plaintiff's Complaint and demands strict proof thereof.**

11.     The Defendants, CENTRAL TRANSPORT INTERNATIONAL, INC., dba CENTRAL TRANSPORT; CENTRAL TRANSPORT, LLC., and SPENCER LITTEN, then and there, breached their duty of care owed to the Plaintiff, ALJALON HAYES.

**ANSWER: Defendant, SPENCER LITTEN, denies the allegations contained in Paragraph 11 of General Allegations of Plaintiff's Complaint and demands strict proof thereof.**

12.     At all times material to this matter, the Plaintiff, ALJALON HAYES, was free from any and all negligence related to this matter.

**ANSWER: Defendant, SPENCER LITTEN, denies the allegations contained in Paragraph 12 of General Allegations of Plaintiff's Complaint and demands strict proof thereof.**

## COUNT I
## ALJALON HAYES vs. CENTRAL TRANSPORT INTERNATIONAL, INC., dba CENTRAL TRANSPORT

Defendant, SPENCER LITTEN, does not respond to the allegations contained within Plaintiff's Count I as the allegations are not directed towards him. To the extent a response is deemed necessary, Defendant, SPENCER LITTEN, denies the allegations contained within Count I of Plaintiff's Complaint.

## COUNT II
## ALJALON HAYES vs. SPENCER LITTEN

16.     Plaintiff re-alleged and incorporates paragraphs 1-12 of this complaint.

**ANSWER: Defendant, SPENCER LITTEN, incorporates by reference his answers to Plaintiff's allegations set forth in paragraphs 1 through 12 of General Allegations as if plead fully herein.**

17.     At the time and place aforesaid, the Defendant, SPENCER LITTEN, breached the aforementioned duty owed to the Plaintiff, ALJALON HAYES, through one or more of the following acts and/or omissions:
    a.      Carelessly and negligently operated, managed and controlled said motor vehicle;
    b.      Carelessly and negligently operated his vehicle at a rate of speed greater than what was safe and reasonable pursuant to 625 ILCS 5/12 601;

3

2714091v.1

FILED DATE: 8/8/2019 1:39 PM   2019L004591

    c.    Carelessly and negligently failed to give proper warning of the approach of said vehicle, although such warnings were necessary to ensure the safe operation of his vehicle pursuant to 625 ILCS 5/12 601(a);

    d.    Carelessly and negligently failed to reduce his speed to avoid a collision pursuant to 625 ILCS 5/11 601(a);

    e.    Carelessly and negligently failed to equip his vehicle with functioning brakes although such a device was necessary to ensure the safe operation of said vehicle pursuant to 625 ILCS 5/12-301; and

    f.    was otherwise careless, reckless, and negligent.

**ANSWER: Defendant, SPENCER LITTEN, denies the allegations contained in Paragraph 17 of Count II of Plaintiff's Complaint, including sub-paragraphs (a) through (f), and demands strict proof thereof.**

18.    As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omission by the Defendant, SPENCER LITTEN, the Plaintiff, ALJALON HAYES, then and there sustained severe and permanent bodily injury and was, and will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost, and will continue to lose, the value of that time as aforementioned. Further, the Plaintiff, ALJALON HAYES, suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. The Plaintiff, ALJALON HAYES, further expended and became liable for large sums of money for medical care and services and will in the future expend money for medical care and services endeavoring to become healed and cured of said injuries.

**ANSWER: Defendant, SPENCER LITTEN, denies the allegations contained in Paragraph 18 of Count II of Plaintiff's Complaint and demands strict proof thereof.**

**COUNT III**
**ALJALON HAYES vs. CENTRAL TRANSPORT, LLC.**

Defendant, SPENCER LITTEN, does not respond to the allegations contained within Plaintiff's Count III as the allegations are not directed towards him. To the extent a response is deemed necessary, Defendant, SPENCER LITTEN, denies the allegations contained within Count III of Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

Defendant, SPENCER LITTEN, through his attorneys, WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, assert the following affirmative defenses in response to Plaintiff's Complaint:

2714091v.1

FILED DATE: 8/8/2019 1:39 PM   2019L004591

## FIRST AFFIRMATIVE DEFENSE
### Negligence

Plaintiff's damages, if any, were caused in whole or in part by Plaintiff's own conduct, not under the control of the Defendant.  Plaintiff should be barred from any recovery if Plaintiff was more than 50% responsible for damages or, if less than 50% responsible, Plaintiff's damages, if any, should be reduced accordingly.

Respectfully submitted,

By:___ /s/ Justin Dobek_____
Attorneys for Defendant

Kathleen McDonough
Justin Dobek
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
55 W. Monroe Street, Suite 3800
Chicago, IL 60603
Tel: 312-704-0550
kathleen.mcdonough@wilsonelser.com
justin.dobek@wilsonelser.com
Firm No. 16741

5

2714091v.1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the above and foregoing instrument was served via e-mail on August 8, 2019 on the following counsel:

Andrew S. Kryder
The Kryder Law Group, LLC
134 N. LaSalle Street, Suite 1515
Chicago, IL 60602
info@kryderlaw.com

*/s/ Justin Dobek*

FILED DATE: 8/8/2019 1:39 PM 2019L004591

2714091v.1

| PROOF OF SERVICE | | Case No. 2019L004591 |
|---|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☒ OFFICER CERTIFICATE     OR     ☐ AFFIDAVIT OF PROCESS SERVER

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:  (notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:  (notarization required)

☒ I served personally a copy of the

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with ___Summons, Complaint at Law___

         List all documents served

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| Central Transport International | 12225 Stephens Rd, Warren, MI 48089 | Thurs, 8/1/19 |
| c/o Kevin Katczynski Handed to: Mary A. Gallo- | Legal | 11:10am |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee | |
|---|---|---|---|---|
| $ | | $ | $ | .... |

Signature _Alan Lossing_

Name (type or print) _Alan Lossing_

Title _Macomb Cty Sheriff_

Subscribed and sworn to before me on _____, _____ County, Michigan.
                 Date

My commission expires: _____   Signature: _____
             Date                         Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                     Attachments

_____ on _____ on be____
Signature                            Day, date, time

_Mary A. Gallo - Legal_

**EXHIBIT**

**E**

**12-Person Jury**

Appearance

(12/30/15) CCL N530

FILED
8/13/2019 3:43 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
6162335

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

FILED DATE: 8/13/2019 3:43 PM  2019L004591

Aljalon Hayes

_____
                                         Plaintiff

          v.

Central Transport International, Inc., et al.
_____
                                         Defendant

2019L004591

No. 2019-L-004591

Calendar: B

## APPEARANCE

☑ GENERAL APPEARANCE      0900 - APPEARANCE - FEE PAID;  0909 - APPEARANCE - NO FEE;
                          0904 - APPEARANCE FILED - FEE WAIVED

☑ JURY DEMAND             1900 - APPEARANCE & JURY DEMAND - FEE PAID
                          1909 - APPEARANCE & JURY DEMAND - NO FEE

The undersigned enters the appearance of:        ☐ Plaintiff   ☑ Defendant

Central Transport, LLC (Improperly named as "Central Transport International, Inc., dba Central Transport")
_____

_____
                              (Insert litigant's name.)

                                                                    _Justin Dobek_
                                                                       Signature

☑ INITIAL COUNSEL OF RECORD      ☐ PRO SE
☐ ADDITIONAL APPEARANCE          ☐ SUBSTITUTE APPEARANCE

          A copy of this appearance shall be given to all parties who have appeared and have not been found by the
Court to be in default.

☑ Atty. No.: 16741_____   ☐ Pro Se  99500
(Please complete the following contact information.)

Name: Justin Dobek - WILSON ELSER

Atty. for: Defendant, Central Transport, LLC

Address: 55 W. Monroe Street, Suite 3800

City/State/Zip: Chicago, IL  60603

Telephone: (312) 704-0550

Primary Email: kathleen.mcdonough@wilsonelser.com

Secondary Email: justin.dobek@wilsonelser.com

Tertiary Email: _____

**Pro Se Only:** ☐ I have read and agree to the terms of
the Clerk's Office Electronic Notice Policy and choose
to opt in to electronic notice from the Clerk's office for
this case at this email address:

**EXHIBIT**
**F**

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Page 1 of 1

FILED
9/5/2019 3:33 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L004591

FILED DATE: 9/5/2019 3:33 PM   2019L004591

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| ALJALON HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| CENTRAL TRANSPORT INTERNATIONAL, | ) | No. 2019 L 004591 |
| INC., dba CENTRAL TRANSPORT; CENTRAL | ) | |
| TRANSPORT, LLC; and SPENCER LITTEN, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CENTRAL TRANSPORT, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, CENTRAL TRANSPORT, LLC (improperly named as "Central Transport International, Inc., dba Central Transport"), by its attorneys, WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP state as follows for its Answer to Plaintiff's Complaint at Law.

1.   On or about September 19, 2017, the Plaintiff, ALJALON HAYES, was the driver of a motor vehicle traveling northbound on I-294 in Bremen Township, County of Cook, State of Illinois.

**ANSWER: Defendant, CENTRAL TRANSPORT, LLC, lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.**

2.   On or about September 19, 2017, the Defendant, SPENCER LITTEN, was the driver of a motor vehicle traveling northbound on I-294, in Bremen Township, County of Cook, State of Illinois.

**ANSWER: Defendant, CENTRAL TRANSPORT, LLC admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.**

3.   On or about September 19, 2017, the Defendant, CENTRAL TRANSPORT INTERNATIONAL, INC., dba CENTRAL TRANSPORT, was the owner of the motor vehicle traveling northbound on I-294 in Bremen Township, County of Cook, State of Illinois.

**ANSWER: Defendant, CENTRAL TRANSPORT, LLC denies the allegations contained in Paragraph 3 of Plaintiff's Complaint and demands strict proof thereof.**



EXHIBIT
G

2757434v.1

FILED DATE: 9/5/2019 3:33 PM   2019L004591

4.   On or about September 19, 2017, the Defendant, CENTRAL TRANSPORT, LLC, was the owner of the motor vehicle traveling northbound on I-294 in Bremen Township, County of Cook, State of Illinois.

**ANSWER: Defendant, CENTRAL TRANSPORT, LLC denies the allegations contained in Paragraph 4 of Plaintiff's Complaint and demands strict proof thereof.**

5.   At all times material to this action, Defendant, SPENCER LITTEN, was an employee and/or agent acting within the course and scope of his employment and/or agency with Defendant, CENTRAL TRANSPORT INTERNATIONAL, INC., dba CENTRAL TRANSPORT.

**ANSWER: Defendant, CENTRAL TRANSPORT, LLC denies the allegations contained in Paragraph 5 of Plaintiff's Complaint and demands strict proof thereof.**

6.   At all times material to this action, Defendant, SPENCER LITTEN, was an employee and/or agent acting within the scope of his employment and/or agency with Defendant, CENTRAL TRANSPORT, LLC.

**ANSWER: Defendant, CENTRAL TRANSPORT, LLC admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.**

7.   At all times relevant to this matter, the Defendant, SPENCER LITTEN, was under a duty to control, operate, and maintain the motor vehicle in a safe and reasonable manner consistent with the traffic laws of the State of Illinois.

**ANSWER: Defendant, CENTRAL TRANSPORT, LLC admits only to those duties that exist under Illinois law.**

8.   At all times relevant to this matter, the Defendant, CENTRAL TRANSPORT INTERNATIONAL, INC., dba CENTRAL TRANSPORT, through its agent(s) and employee(s), was under a duty to control, operate, and maintain the motor vehicle in a safe and reasonable manner consistent with the traffic laws of the State of Illinois.

**ANSWER: Defendant, CENTRAL TRANSPORT, LLC admits only to those duties that exist under Illinois law.**

9.   At all times relevant to this matter, the Defendant, CENTRAL TRANSPORT, LLC, through its agent(s) and employee(s), was under a duty to control, operate, and maintain the motor vehicle in a safe and reasonable manner consistent with the traffic laws of the state of Illinois.

**ANSWER: Defendant, CENTRAL TRANSPORT, LLC does not answer the allegations contained in Paragraph 9 of Plaintiff's Complaint as they call for a legal conclusion. To the extent a response is deemed necessary, Defendant, CENTRAL TRANSPORT, LLC admits only to those duties that exist under Illinois law.**

2757434v.1

FILED DATE: 9/5/2019 3:33 PM  2019L004591

10. At all times relevant to this matter, the Defendant, SPENCER LITTEN, failed to observe traffic conditions, reduce his speed, and act as a reasonable person causing a collision with the Plaintiff's vehicle.

**ANSWER: Defendant, CENTRAL TRANSPORT, LLC denies the allegations contained in Paragraph 10 of Plaintiff's Complaint and demands strict proof thereof.**

11. The Defendants, CENTRAL TRANSPORT INTERNATIONAL, INC., dba CENTRAL TRANSPORT; CENTRAL TRANSPORT, LLC., and SPENCER LITTEN, then and there, breached their duty of care owed to the Plaintiff, ALJALON HAYES.

**ANSWER: Defendant, CENTRAL TRANSPORT, LLC denies the allegations contained in Paragraph 11 of Plaintiff's Complaint and demands strict proof thereof.**

12. At all times material to this matter, the Plaintiff, ALJALON HAYES, was free from any and all negligence related to this matter.

**ANSWER: Defendant, CENTRAL TRANSPORT, LLC denies the allegations contained in Paragraph 12 of Plaintiff's Complaint and demands strict proof thereof.**

## COUNT I
## ALJALON HAYES vs. CENTRAL TRANSPORT INTERNATIONAL, INC., dba CENTRAL TRANSPORT

Defendant, CENTRAL TRANSPORT, LLC does not respond to the allegations contained within Plaintiff's Count I as the allegations are not directed towards them. To the extent a response is deemed necessary, Defendant, CENTRAL TRANSPORT, LLC denies the allegations contained within Count I of Plaintiff's Complaint.

## COUNT II
## ALJALON HAYES vs. SPENCER LITTEN

Defendant, CENTRAL TRANSPORT, LLC does not respond to the allegations contained within Plaintiff's Count III as the allegations are not directed towards him. To the extent a response is deemed necessary, Defendant, CENTRAL TRANSPORT, LLC denies the allegations contained within Count III of Plaintiff's Complaint.

## COUNT III
## ALJALON HAYES vs. CENTRAL TRANSPORT, LLC

19. Plaintiff re-alleged and incorporates paragraphs 1-12 of this complaint.

3

2757434v.1

FILED DATE: 9/5/2019 3:33 PM  2019L004591

**ANSWER: Defendant, CENTRAL TRANSPORT, LLC, incorporates by reference their answers to Plaintiff's allegations set forth in paragraphs 1 through 12 of General Allegations as if plead fully herein.**

20.     At the time and place aforesaid, the Defendant, CENTRAL TRANSPORT, LLC, through its agent(s) and employee(s), breached the aforementioned duty owed to the Plaintiff, ALJALON HAYES, through one or more of the following acts and/or omissions:

    a.    Carelessly and negligently operated, managed and controlled said motor vehicle;

    b.    Carelessly and negligently operated his vehicle at a rate of speed greater than what was safe and reasonable pursuant to 625 ILCS 5/12 601;

    c.    Carelessly and negligently failed to give proper warning of the approach of said vehicle, although such warnings were necessary to ensure the safe operation of his vehicle pursuant to 625 ILCS 5/12 601(a);

    d.    Carelessly and negligently failed to reduce his speed to avoid a collision pursuant to 625 ILCS 5/11 601(a);

    e.    Carelessly and negligently failed to equip his vehicle with functioning brakes although such a device was necessary to ensure the safe operation of said vehicle pursuant to 625 ILCS 5/12-301; and

    f.    was otherwise careless, reckless, and negligent.

**ANSWER: Defendant, CENTRAL TRANSPORT, LLC, denies the allegations contained in Paragraph 20 of Count III of Plaintiff's Complaint, including sub-paragraphs (a) through (f), and demands strict proof thereof.**

21. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omission by the Defendant, CENTRAL TRANSPORT, LLC the Plaintiff, ALJALON HAYES, then and there sustained severe and permanent bodily injury and was, and will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost, and will continue to lose, the value of that time as aforementioned. Further, the Plaintiff, ALJALON HAYES, suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. The Plaintiff, ALJALON HAYES, further expended and became liable for large sums of money for medical care and services and will in the future expend money for medical care and services endeavoring to become healed and cured of said injuries.

**ANSWER: Defendant, CENTRAL TRANSPORT, LLC denies the allegations contained in Paragraph 21 of Count III of Plaintiff's Complaint and demands strict proof thereof.**

## AFFIRMATIVE DEFENSES

Defendant, CENTRAL TRANSPORT, LLC, through their attorneys, WILSON ELSER

MOSKOWITZ EDELMAN & DICKER LLP, assert the following affirmative defenses in response to

Plaintiff's Complaint:

2757434v.1

## FIRST AFFIRMATIVE DEFENSE
### Negligence

Plaintiff's damages, if any, were caused in whole or in part by Plaintiff's own conduct, not under the control of the Defendant. Plaintiff should be barred from any recovery if Plaintiff was more than 50% responsible for damages or, if less than 50% responsible, Plaintiff's damages, if any, should be reduced accordingly.

Respectfully submitted,


By:   /s/ Justin Dobek
Attorneys for Defendant
Central Transport, LLC


Kathleen McDonough
Justin Dobek
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
55 W. Monroe Street, Suite 3800
Chicago, IL 60603
Tel: 312-704-0550
kathleen.mcdonough@wilsonelser.com
justin.dobek@wilsonelser.com
Firm No. 16741

FILED DATE: 9/5/2019 3:33 PM    2019L004591

2757434v.1

FILED DATE: 9/5/2019 3:33 PM   2019L004591

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing instrument was served on the following attorney of record via e-mail on this 5th day of September, 2019:

Andrew S. Kryder
The Kryder Law Group, LLC
134 N. LaSalle Street, Suite 1515
Chicago, IL  60602
info@kryderlaw.com


*/s/ Justin Dobek*_____

2757434v.1

FILED
9/6/2019 1:35 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L004591

FILED DATE: 9/6/2019 1:35 PM   2019L004591

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ALJALON HAYES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Case No.: 2019-L-004591 |
| | ) |
| CENTRAL TRANSPORT INTERNATIONAL | ) |
| INC., dba CENTRAL TRANSPORT; | ) |
| CENTRAL TRANSPORT, LLC.; and | ) |
| SPENCER LITTEN, | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR ADMISSION

NOW COMES the PLAINTIFF, ALJALON HAYES, by and through his counsel, THE

KRYDER LAW GROUP, and pursuant to Supreme Court Rule 216, submits to the Defendant

the following Responses to Requests to Admit and further states as follows:

**REQUEST No. 1**: Admit that your total alleged damages against both named Defendants,

including but not limited to medical expenses, property damage, lost wages, and all other cost, do

not exceed $75,000.00.

       **ANSWER**:    Plaintiff denies this request.

**REQUEST No. 2**:    Admit that on April 29, 2019 you were a resident of the State of Illinois.

       **ANSWER**:    Plaintiff admits this request.

**REQUEST No. 3**:    Admit the on April 29, 2019 were not a resident of the State of Mississippi.

       **ANSWER**:    Plaintiff admits this request.

**REQUEST No. 4**:    Admit that on April 29, 2019 were not a resident of the State of Michigan.

       **ANSWER**:    Plaintiff admits this request.



EXHIBIT

H

FILED DATE: 9/6/2019 1:35 PM  2019L004591

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

## **VERIFICATION**

Under penalties as provided by law under section 1/109 of the Illinois Code of Civil Procedure, I certify that the statements contained herein and that the answers are true, subject to inadvertent or undiscovered error.

**ALJALON HAYES**

8/31/2019

**DATE**

• SPENCER LITTEN

## AFFIDAVIT OF CITIZENSHIP & CONSENT TO REMOVAL

I, Spencer Litten being of legal age, state under penalty of perjury that the following statements are true and accurate, to the best of my knowledge and belief:

1. I am a citizen and resident of the State of Michigan.
2. I am a defendant in this matter.
3. I do not object to the removal of this matter from Cook County, Illinois to the U.S. District Court for the Northern District of Illinois.

Further Affiant Sayeth not

By: _Spencer Litten_
Spencer Litten

SUBSCRIBED and SWORN to before me
On 09/16/19

_____
NOTARY PUBLIC

BRANDON COOLEY
NOTARY PUBLIC - MICHIGAN
KENT COUNTY
ACTING IN THE COUNTY OF _Kent_
MY COMMISSION EXPIRES NOV. 24, 2024



**EXHIBIT**

I



2773937v.1

## IN THE UNITED STATES DISTRICT COURT

### CENTRAL TRANSPORT LLC
### AFFIDAVIT OF CITIZENSHIP

I, Kevin Kalczynski, being of legal age, swear under penalty of perjury that the following statements are true and accurate, to the best of my knowledge and belief:

1. I am a citizen of the State of Michigan.

2. I am the Vice President of Central Transport LLC.

3. Defendant Central Transport LLC is an Indiana limited liability company, with its principal place of business in Warren, Michigan.

4. Central Transport LLC's members are MJM Holding, LLC ("MJM") and MTM Investment Holdings, LLC ("MTM"), which are Indiana limited liability companies with principal places of business in Michigan.

5. MJM's sole member is Manuel J. Moroun, as Trustee of the Manuel J. Moroun Trust u/t/a dated 03/24/77, as amended and restated. Manuel T. Moroun J. Morun is a resident and citizen of Michigan.

6. MTM's sole member is Matthew T. Moroun. Matthew T. Moroun is a resident and citizen of Michigan.

Further Affiant Sayeth not.

By: _____
Kevin Kalczynski, Vice President
Central Transport LLC

SUBSRIBED and SWORN to before me
On September 16, 2019.

_____
NOTARY PUBLIC

MARY A. GALLO-POLIUTO
Notary Public, State of Michigan
County of Macomb
My Commission Expires Nov. 29, 2019
Acting in the County of Macomb

**EXHIBIT**
**J**

2773967v.1